# United States District Court
# Central District of California

| | |
|---|---|
| JITRADE, INC., <br><br>                Plaintiff, <br>    v. <br><br>STYLE IN USA, INC. d/b/a NADIA, APPLEB, B-TWEEN, and 1 STYLE IN USA; CALYSTA APPAREL, INC. d/b/a SWAY; TREND NOTES, INC.; BIGGERNBETTER, INC. d/b/a ABEAUTY BY BNB; and DOES 1-10, inclusive, <br><br>                Defendants. | Case No. 2:17-CV-04245-ODW-SK <br><br>**ORDER STRIKING DEFENDANT STYLE IN USA, INC.'S MOTION TO DISMISS [25]** |

## I. INTRODUCTION

On June 7, 2017, Plaintiff Jitrade, Inc. ("Jitrade") filed this action against Defendants Style In USA, Inc. ("Style In USA"), Calysta Apparel, Inc., Trend Notes, Inc., and Biggernbetter, Inc. alleging (1) copyright infringement; (2) vicarious copyright infringement; and (3) contributory copyright infringement. (Compl., ECF No. 1.) Before the Court is Style In USA's Motion to Dismiss Jitrade's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 25.) Because the Clerk has entered default against Style In USA, and they have not moved to set aside entry of default, the Court **STRIKES** the Motion.

///

## II. FACTUAL BACKGROUND

Jitrade is a California corporation that creates, purchases, and obtains rights to two-dimensional graphic artworks for use on textiles and garments that are used in the fashion industry. (Compl. 2.) Style In USA is a California corporation engaged in work related to the fashion industry. (*See* Compl. ¶ 16.) Jitrade alleges that Style In USA infringed on its copyright by creating and selling garments featuring Jitrade's textile design without its permission. (Compl. ¶ 27.)

Jitrade served the Complaint on Style In USA on July 25, 2017, and Style In USA was required to file a responsive pleading by August 15, 2017. (Proof of Service, ECF No. 19.) Style In USA did not file a responsive pleading by the deadline, and on September 7, 2017, Jitrade requested the Clerk for entry of default. (ECF No. 23.) The Clerk entered default against Style In USA on September 9, 2017, at 8:24 A.M. (ECF No. 24.) Style In USA then moved to dismiss on September 9, 2017, at 9:53 A.M. (Mot., ECF No. 25.) Jitrade did not file an opposition to Style In USA's Motion to Dismiss.

## III. DISCUSSION

Once default has been entered against a defendant, they have "lost [their] standing in court, cannot appear in any way, cannot adduce any evidence, and cannot be heard at the final hearing." *Clifton v. Tomb*, 21 F.2d 893, 897 (4th Cir. 1927) (citation omitted); *see also Great Am. Ins. Co. v. M.J. Menefee Const., Inc.*, No. CV F 06-0392-AWI-DLB, 2006 WL 2522408, at * 2 (E.D. Cal. Aug. 29, 2006) ("Entry of a defendant's default cuts off a defendant's right to appear in an action . . ."). The proper remedy for a defendant seeking to set aside a default and defend an action is to file a motion to set aside entry of default pursuant to Federal Rule of Civil Procedure 55(c). *Warner Bros. Home Entertainment, Inc. v. Meyers*, 13-cv-0980-SJO-VBK, 2013 WL 12142605, at *1 (C.D. Cal. Apr. 24, 2013). A defaulted defendant may only file a motion to set aside the default by showing good cause. *See* Fed. R. Civ. P. 55(c); *see also Clifton*, 21 F.2d at 897 (stating that a defaulted party "should show

good cause before the default should be set aside").

Style In USA's Motion asserts that Jitrade's Complaint should be dismissed because it is duplicative of another pending suit concerning the same copyright designs at issue here. (Mot. 3.)[1] The Motion does not address Style In USA's default nor does it provide a showing of good cause as to why the Court should set aside default. (*See generally* Mot.) Because Style In USA is a defaulted defendant, and has not moved to set aside default, the Court **STRIKES** its Motion. *See Warner Bros.*, 2013 WL 12142605, at *1 (striking defendant's motion to dismiss filed after Clerk entered default).[2]

## V. CONCLUSION

For the reasons discussed above, the Court **STRIKES** Defendant Style In USA's Motion to Dismiss. (ECF No. 25.) Defendant may file a motion to set aside entry of default **on or before October 30, 2017**.

**IT IS SO ORDERED.**

October 2, 2017

_____
                **OTIS D. WRIGHT, II
                UNITED STATES DISTRICT JUDGE**

---

[1] Pursuant to Local Rule 83-1.3, parties are required to promptly file a Notice of Related Civil Cases with the Court should they become aware of two or more civil cases filed in this District which: "(a) arise from the same or a closely related transaction, happening, or event; (b) call for determination of the same or substantially related or similar questions of law and fact; or (c) for other reasons would entail substantial duplication of labor if heard by different judges." C.D. Cal. L.R. 83-1.3.

[2] Because the Court need not address the merits of the Motion, the Court also declines to take Judicial Notice of the requested documents at this time. (ECF No. 26.)